## 11151

### ROWELL *ET AL.* v. BERRY

#### (116 S. E., 279)

APPEAL AND ERROR—EVIDENCE WILL NOT BE STATED IN REVERSING DIRECTED VERDICT.—The Supreme Court, in reversing a directed verdict for lack of evidence, on the ground that there is some evidence, will not state the evidence.

Before McIVER, J., Dillon, July Term, 1920. Reversed and remanded.

Action for recovery of real estate by George Rowell and others against Eppie D. Berry. From judgment for plaintiffs for the land and judgment for the defendant for a settlement in a reduced amount, the defendant appeals.

*Mr. W. C. Moore,* for appellants, cites: *Will of William Rowell construed:* 108 S. C., 300. *Can an outstanding title in a third person defeat a recovery in ejectment?* 9 R. C. L., 871; 15 Cyc., 68; 38 S. E., 367. *Lands in possession of life tenant cannot be sold under judgment against administrator:* 21 S. C., 129.

*Messrs. Gibson & Muller,* and *M. C. Woods,* for respondent, cite: *Life tenant had not taken actual possession before judgment, and sale under judgment was valid:* 109 S. C., 358; 102 S. C., 215; 60 S. C., 338; 7 McC., 291. *When secondary evidence of records is admissible:* 14 S. C., 480; 86 S. C., 496. *Parties cannot take advantage of judgment and not be bound by its provisions:* 23 Cyc., 1253; 39 S. C., 212; 5 L. R. A., 371; 65 L. R. A., (N. S.), 924; Black on Judgments, Section 534.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to recover the possession of a tract of land in Dillon County, in the possession of the respondent, Mrs. Eppie D. Berry. The plaintiffs and the defendants, other than the defendant, Mrs. Eppie D. Berry, claim the land as remaindermen under the will of William Rowell. The executors named in the will did not qualify and Jeremiah Rowell, a son of William, and one of the devises. under the will, administered *cum testamento annexo.* A judgment was obtained against Jeremiah, as administrator, and all the lands of William were sold and title made to Jeremiah Rowell. Under the Sheriff's deed, Mrs. Eppie Berry claims title. At the close of the evidence, the presiding Judge directed a verdict in favor of Mrs. Berry.

In ruling on the motion for a directed verdict, the presiding Judge said:

"Now, under that judgment, of course, a fi. fa., or execution, could issue and a levy be made and the land sold; and, if the land was sold thereunder, a good title passed to the purchasers, unless the heirs of the deceased, the testator, had taken absolute, exclusive, notorious, and adverse possession of any part of the land divided amongst them, or unless some one else had so taken possession."

The life tenant, to whom this land was devised, was David Rowell, and his Honor held that there was no evidence that David Rowell had taken possession of this portion of the land before the date of the judgment under which it was sold. He therefore, held that the land was subject to the lien of the judgment, and a sale under the execution conveyed good title, and therefore, directed a verdict for Mrs. Berry.

The verdict was directed solely upon the finding that there was no evidence that David Rowell took possession before the judgment was obtained. This was error. It would not be proper for this Court to state the evidence.

There was evidence to carry the case to the jury on that question, and the judgment is reversed and the case remanded for a new trial.

Mr. Chief Justice Gary, and Messrs. Justices Watts and Marion concur.